### R. Hailes v. The State.

Evidence — Special Acts of the Legislature are not judicially cognizable. When involved in the issue, they must be introduced in evidence.

Appeal from the County Court of Bell. Tried below before the Hon. W. M. Minyard, County Judge.

A fine of $10 was the penalty assessed against the appellant.

*Harris & Saunders,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

Clark, J.    Without considering the several errors presented and discussed by counsel for appellant, it suffices for the disposition of this appeal to say that the verdict and judgment are not supported by the law and the evidence.

The appellant was prosecuted for unlawfully selling liquor within six miles of "Little River Academy," in Bell County, and the allegations of the indictment show that the prosecution was based upon a special act of the Legislature of the State of Texas, entitled "An act to prohibit the sale or otherwise disposing of intoxicating or spirituous liquors within six miles of Little River Academy, in Bell County, Texas," passed May 30, 1873. This act, however, seems not to have been in evidence upon the trial of the cause, as appears from the statement of facts, and without its introduction in evidence there was no legal basis for the prosecution. Being a special act, neither the court below nor this court can judicially know of its existence.

The errors assigned and discussed present questions of some gravity and importance, but as this consideration is not necessary to a proper decision of the case, we forego further discussion until a case is presented properly involving similar questions.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*